```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS A. RODRIGUEZ,

                        Plaintiff,           13-CV-6301T

                v.                           **DECISION**
                                             **and ORDER**
STATE OF NEW YORK, COUNTY OF MONROE,
CITY OF ROCHESTER, MONROE COUNTY SHERIFF,
and JOHN DOE, being a fictitious name
representing one or more officers or
employees of the City of Rochester
Police Department, Monroe County Office of
Probation, Monroe County Sheriff's Office,
New York State Police, and/or New York
State Department of Corrections, Division
of Parole, individually and in their
official capacities,

                        Defendants.
_____
```

Plaintiff Luis A. Rodriguez ("Rodriguez") brings this action pursuant to 42 U.S.C. § 1983, and New York State common law alleging that his civil rights were violated by the defendants when he was apprehended pursuant to the service of a bench warrant upon him. Specifically, the plaintiff alleges that he was subjected to excessive use of force by the defendant officers after he attempted to flee from officers who were attempting to serve the warrant on him. He claims that once the defendant officers apprehended him, they used unreasonable, unnecessary, and excessive force in subduing him. He claims that as a result of the excessive force used by the defendants, a portion of one of his fingers was completely and irreparably severed.

Defendant State of New York moves to dismiss plaintiff's Complaint against it on grounds that it is immune from plaintiff's claims pursuant to sovereign immunity granted to the State under the Eleventh Amendment to the United States Constitution. Plaintiff opposes the State of New York's motion to dismiss on grounds that the court may exercise supplemental jurisdiction over state-law claims made against the State.

The State of New York's motion to dismiss is granted. The Eleventh Amendment to the United States Constitution guarantees that "non-consenting States may not be sued by private individuals in federal court." Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 367 (2001). Accordingly, where a state refuses to consent to being sued by a private citizen in Federal Court, no such action can be maintained by a private citizen. New York State has not consented to being sued by private citizens in Federal Court, and therefore, plaintiff may not maintain an action against New York State in this court.

While it is well understood that the Eleventh Amendment prohibits a private citizen of a state from suing a non-consenting State in federal court pursuant to federal law, sovereign immunity also extends to cases in which a private citizen attempts to sue a non-consenting State in federal court alleging violations of State law. As the Supreme Court of the United States stated in Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) "it is

difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."

Because New York State has not consented to being sued by any private citizen for alleged violations of federal or State law, the State is immune to plaintiff's federal and state law claims. I therefore grant defendant State of New York's motion to dismiss, and dismiss plaintiff's claims against the State of New York with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
December 3, 2013

difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."

Because New York State has not consented to being sued by any private citizen for alleged violations of federal or State law, the State is immune to plaintiff's federal and state law claims. I therefore grant defendant State of New York's motion to dismiss, and dismiss plaintiff's claims against the State of New York with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:  Rochester, New York
        December 3, 2013